# CIRCUIT COURT OF THE CITY OF RICHMOND

Randy Robinson Contracting, Inc.

v.

Brooks & Co.
General Contractors, Inc.

February 6, 1998

Case No. HI-1731-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, the plaintiff-subcontractor seeks to stay arbitration instituted by the defendant general contractor under an AIA written form contract which was never signed by either party. Defendant relies on language in *Galloway v. S. B. Ballard Construction Co.*, 250 Va. 493 (1995), in asserting that, despite the lack of signatures of the AIA contract, the parties are barred by the arbitration provision contained therein:

> Apparently through an oversight, Stephen C. Broocks, Empress president, failed to sign the final contract proposed by Galloway. As Empire undertook to perform the contract according to its terms, an acceptance by performance resulted. The absence of an authorized signature does not defeat the existence of the contract and does not impact our analysis of the parties' awareness of and intention concerning the ambiguity.

*Id.* at p. 505.

*Galloway* was concerned with whether a general contractor could defend against claims by subcontractors using a disputed "pay when paid" provision in the parties' written contract. The *Galloway* court found that the disputed provision was ambiguous, examined the parol evidence under applicable rules and found that the general contractor had a defense under

the "pay when paid" provision even though the written contract was never executed.

Here, there is no question concerning an ambiguity. There is no place in this case for examining the parties' parol conduct to discern what meaning they attach to a disputed contract provision. Rather the question here is whether the parties ever had a meeting of the minds with respect to arbitration when such is contained in a provision in a written contract neither party ever signed. Here too there is no evidence that the plaintiff's failure to sign was due to "oversight." Rather, according to plaintiff's testimony, his failure to sign was purposeful. Even the defendant testified plaintiff said he was going to sign but never did. The court finds that there was never a meeting of the minds as contained in the AIA form contract and the parties are not bound by it.

Accordingly, the court finds in favor of the plaintiff and the stay shall be allowed.